# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH HARRIS, # B-89999, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1062-SMY |
| ) | |
| J. BELFORD, ) | |
| MAJOR ACKERS, ) | |
| and JANE DOE NURSE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joseph Harris, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He raises claims of excessive force, denial of medical care, and retaliation. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

1

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

### **The Complaint**

Plaintiff Joseph Harris makes the following allegations in the Complaint: On August 17, 2017, Plaintiff was locked inside his cell when Lt. Belford arrived and ordered him to "cuff up." (Doc. 6, p. 6). Plaintiff characterizes this as an "impossible and confusing order." *Id.* Plaintiff responded by pointing to the locked door and stating, "I'm riding it out with my homie on cuffing-up. We do not have keys or cuffs." *Id.* Without giving Plaintiff any further orders or

2

instructions, Belford opened the cell's chuckhole and sprayed Plaintiff with mace in his face, nose, and eyes. Plaintiff claims that this action violated IDOC policy which requires an officer to notify a shift commander, the Health Care department, obtain security staff support, and give 3 warnings before using mace on an inmate. (Doc. 6, p. 6).

The mace spray caused Plaintiff to suffer pain, partial blindness, difficulty breathing, and fear. (Doc. 6, p. 7). He stumbled to the door and stuck his hands through the chuckhole "to comply with the second order to cuff-up." *Id.* Plaintiff then went to face the back of the cell as ordered. While Plaintiff stood with his back to Belford, Belford sprayed more mace on the back of Plaintiff's head, neck, ears, hands, and arms. *Id.*

Immediately after these events, Plaintiff was "engaged in the protected conduct of meaningfully accessing the court," when Belford forced Plaintiff's cuffed arms far above his head. Belford jerked Plaintiff's hands and continued to hold them high in the air while moving Plaintiff from his cell in 4 House to 5 House, which was a long distance away. (Doc. 6, p. 7). When they arrived at 5 House, Plaintiff asked Belford for a grievance form. Belford threatened that if Plaintiff filed a grievance, he would "falsely accuse Plaintiff of refusing a direct order to 'cuff-up' and of grabbing [Belford's] arm through the chuck-hole." (Doc. 6, pp. 7-8). Belford further threatened to have other officers "drown Plaintiff in mace and stomp his brains out." *Id.*

In 5 House, Mendez[1] directed Belford to place Plaintiff into a "make-shift" holding cell, where Plaintiff spent the next hour. (Doc. 6, p. 8). The cell lacked a sink, toilet, towels, and

---

[1] Plaintiff refers to Mendez as a defendant in his narrative (Doc. 6, p. 8). However, because Plaintiff did not include Mendez as a party in the case caption or list of Defendants (Doc. 6, pp. 1-2), the Court will not recognize a claim against him. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). If Plaintiff intended to bring a claim against Mendez, he must submit an amended complaint, which will be subject to review under § 1915A.

soap, making it impossible for Plaintiff to clean the mace off his body. The odor of mace, in addition to his gasping for air, the flow of tears and mucous from his eyes and nose, and his bruised and swollen wrists alerted the officers to his need for medical attention.

The Jane Doe Nurse briefly attended to Plaintiff while he was in the holding cell. She saw his condition but only gave him 2 gauze pads, and did not refer him to a doctor. (Doc. 6, p. 8).

Major Ackers reviewed the disciplinary report filed against Plaintiff after the mace incident noticed that it failed to comply with IDOC policy (Plaintiff does not explain the flaw). (Doc. 6, p. 8). Ackers gave Belford approval to place Plaintiff in disciplinary segregation.

Later in the evening of August 17, 2017, Belford wrote a disciplinary report charging Plaintiff with disobeying a direct order. (Doc. 6, pp. 8, 11). This report did not include any charge that Plaintiff grabbed Belford's arm.

Plaintiff filed a grievance against Belford over the mace incident. (Doc. 6, pp. 11-12). When Belford responded to the grievance on October 12, 2017, he accused Plaintiff of having grabbed his arm, as he earlier threatened to do. (Doc. 6, p. 9). Belford's threats deterred Plaintiff from accurately reporting the full details of the incident, hindering his ability to use the grievance process. *Id.*

Defendants took the adverse actions against Plaintiff "in direct response to Plaintiff's protected conduct." (Doc. 6, p. 9). He raises constitutional claims as well as statutory claims of assault and battery pursuant to 720 ILCS 5/12-1 and 5/12-3. He seeks compensatory, punitive, and nominal damages, as well as unspecified injunctive relief. (Doc. 6, p. 10).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment excessive force claim against Belford, for spraying Plaintiff with mace, and forcing Plaintiff's cuffed arms into a painful position;
>
> **Count 2:** First Amendment retaliation claim against Belford for physically injuring Plaintiff because Plaintiff attempted to access the courts, and for falsely claiming that Plaintiff grabbed his arm because Plaintiff filed a grievance over Belford's conduct;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Belford and Ackers for placing Plaintiff in a holding cell where he was unable to clean the mace from his body, and for failing to obtain medical care for Plaintiff's injuries;
>
> **Count 4:** Eighth Amendment claim against the Jane Doe Nurse for failing to provide Plaintiff with medical care for the after-effects of the mace, including trouble breathing, irritated eyes, sinuses, and skin, and for his injured wrists;
>
> **Count 5:** State law claims for assault and battery against Belford, for spraying Plaintiff with mace and injuring Plaintiff's arms and wrists.
>
> **Count 6:** Claim against Belford for interfering with Plaintiff's right to access the grievance procedure by threatening to harm Plaintiff and falsely accuse Plaintiff of grabbing Belford's arm.

Count 6 will be dismissed with prejudice pursuant to § 1915A for failure to state a claim upon which relief may be granted. The remaining claims shall receive further consideration in full or in part.

### Count 1 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without

penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff admits that he disobeyed the initial order to cuff up. His explanation that Belford's order was "impossible and confusing" is not a reasonable excuse for his failure to comply, especially in light of the fact that Plaintiff was able to obey the order after being maced.[2] That said, the allegations suggest that the force applied by Belford (the initial use of mace) may not have been part of a good-faith effort to get Plaintiff to comply with the order. Taking Plaintiff's allegations as true, as the Court must do at this stage, Belford's second spraying of mace after Plaintiff was already cuffed and facing the wall appears to have been gratuitous and unnecessary to maintain discipline. Plaintiff may therefore proceed with his excessive force claim against Belford based on the use of mace.

Similarly, Belford's action of forcing Plaintiff's cuffed arms into a stress position above his head, and keeping him in that position while moving him to another cell house, may have

---

[2] Plaintiff's allegation that Belford failed to comply with IDOC regulations regarding the use of mace on an inmate is not determinative of whether or not Belford violated Plaintiff's constitutional rights. A federal court does not enforce state law or regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

6

amounted to excessive force under the circumstances. Plaintiff alleges that Belford's conduct inflicted pain and swelling on his wrists. This incident will also be considered as part of Plaintiff's claim against Belford for excessive force.

Plaintiff's claim against Belford in **Count 1** for excessive force survives scrutiny under § 1915A, and shall proceed.

### Count 2 – Retaliation

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would deter a person of "ordinary firmness" from engaging in First Amendment activity in the future, and if the protected First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, __ F. App'x __, No. 17-1709, 2018 WL 1830942 at *3 (7th Cir. Apr. 17, 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Plaintiff raises two potential retaliation claims against Belford. First, he alleges that Belford forced his cuffed arms above his head when Plaintiff was "engaged in the protected conduct of meaningfully accessing the court." (Doc. 6, p. 7). This allegation, however, does not indicate what Plaintiff was doing immediately after having been sprayed with mace, that

7

amounted to "accessing the court." Nor does Plaintiff explain how his alleged protected activity triggered Belford's adverse action of using physical force on him.

A Complaint must provide sufficient factual content to state a plausible claim, and Plaintiff's conclusory assertion falls short of this requirement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). This portion of the retaliation claim in **Count 2** will therefore be dismissed without prejudice.

The second part of Count 2 may proceed, however. Specifically, Plaintiff alleges that Belford threatened to accuse him of grabbing his arm through the chuckhole if Plaintiff filed a grievance over Belford spraying him with mace. Plaintiff filed the grievance, although he claims he omitted some information out of fear of retaliation. According to Plaintiff, in Belford's response to the grievance, he made good on his threat to level the false accusation against Plaintiff.

The Complaint does not reveal whether Plaintiff actually suffered any adverse consequences as a result of Belford's alleged false accusation. However, the accusation that Plaintiff grabbed Belford's arm could form the basis for a disciplinary action against Plaintiff. At this stage, this sequence of events supports a plausible retaliation claim. Therefore, aspect of the claim against Belford in **Count 2** shall receive further consideration.

**Count 3 – Deliberate Indifference – Cell Conditions and Need for Medical Care**

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452

U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

In a case involving conditions of confinement in a prison, two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Plaintiff claims that he was held in a cell without any sink, running water, soap, or towels for approximately an hour. Ordinarily, a short-term deprivation of access to facilities or sanitary supplies would not rise to the level of a constitutional violation. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986). However, Plaintiff had allegedly just been sprayed with a significant quantity of mace, and was in physical distress. Under these circumstances, placing him in a cell that lacked any means for him to clean the chemical residue from his face and body could constitute cruel and unusual punishment. Belford was aware of Plaintiff's condition and observed the cell and its lack of facilities when he placed Plaintiff there. Accordingly, the deliberate indifference claim against Belford in **Count 3** for housing Plaintiff in a cell with no means to clean himself of mace may proceed for further consideration.

Plaintiff may also have a viable Eighth Amendment claim against Belford for deliberate indifference to his need for medical care to mitigate the effects of the mace as well as the injury to his wrists. The Seventh Circuit has held that a guard who uses excessive force on an inmate has "a duty of prompt attention to any medical need to which the beating might give rise[.]"

9

*Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Plaintiff alleges that he displayed obvious symptoms of distress from the mace exposure and trauma to his wrists, which indicated that he needed a medical assessment. It is not clear whether Belford summoned the Jane Doe Nurse to check on Plaintiff. If he did not do so, he may have failed in his duty to seek medical attention for Plaintiff's condition. Such an omission would also support the deliberate indifference claim in **Count 3**.

Plaintiff's deliberate indifference claim against Ackers, however, will be dismissed without prejudice. Plaintiff alleges only that Ackers approved Belford's action of placing him in segregation based on Belford's disciplinary report. Nothing in the Complaint suggests that Ackers was aware of the condition of the holding cell, or the risk of harm to Plaintiff from being placed there with no way to clean off the mace residue. Without such knowledge, Ackers cannot be held liable for deliberate indifference to Plaintiff's health or safety. Furthermore, Plaintiff's allegation that the disciplinary report somehow failed to comply with IDOC policy has no bearing on whether Ackers violated Plaintiff's constitutional rights. Therefore, **Count 3** shall proceed against Belford only.

**Count 4 – Deliberate Indifference to Medical Needs – Nurse**

Like the Eighth Amendment claim asserted in Count 3, a claim for deliberate indifference to serious medical needs has two components. A plaintiff must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. A condition that could "result in further significant injury or the unnecessary and wanton infliction of pain" if not treated, or "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment" indicates a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not entitle inmates to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff claims the Jane Doe Nurse observed his condition, including the lingering smell of mace. He was allegedly gasping for breath, tears were flowing, his nose was red and swollen and discharging snot, his wrists were bruised and swollen, and he was moaning. These symptoms satisfy the objective component of this claim.

Plaintiff alleges that the Jane Doe Nurse only gave him 2 gauze pads. She did not provide any other treatment, nor did she refer him to a doctor. Given Plaintiff's obvious symptoms, the Nurse arguably did not provide a reasonable response in order to mitigate Plaintiff's symptoms or alleviate his pain. Accordingly, the deliberate indifference claim against the Jane Doe Nurse in **Count 4** survives § 1915A review. However, Plaintiff will be required to identify the Jane Doe Nurse by name before this claim may proceed.

**Count 5 – State Law Claims for Assault and Battery**

Plaintiff references two Illinois criminal statutes to raise claims that he was assaulted and

battered by Belford, 720 ILCS 5/12-1 and 5/12-3. (Doc. 6, p. 9). Plaintiff cannot bring criminal charges in the context of a civil rights suit. However, under 28 U.S.C. § 1367(a), a federal court has supplemental jurisdiction over state law claims which are "derive[d] from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

To the extent that Plaintiff wishes to assert tort claims for assault and/or battery against Belford, these state law claims are based on the same facts that support the federal excessive force claim. Plaintiff may therefore proceed with these state law claims in **Count 5**.

**Dismissal of Count 6 – Interference with Grievance Procedure**

Plaintiff appears to be asserting a distinct claim against Belford for deterring him from "accurately complaining the full details of the incidents in question" when he filed his grievance over Belford's alleged excessive force. (Doc. 6, p. 9). According to Plaintiff, Belford threatened to harm him and to make a false claim that Plaintiff grabbed his arm, if Plaintiff filed a grievance against him over the macing incident. Even if these allegations are true, Plaintiff cannot maintain a constitutional claim based on interference with his right to file a grievance.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In fact, the Constitution requires no grievance procedure at all. Thus, there is no violation of the Constitution if an official hinders an inmate from fully utilizing the prison grievance procedures or fails to follow the grievance procedures. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Accordingly, **Count 6** will be

dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Identification of Unknown Defendant

Plaintiff will be allowed to proceed with his claim in Count 4 against the Jane Doe Nurse. However, this defendant must be identified with particularity before service of the Complaint can be made on her. Where an inmate's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the inmate should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, Plaintiff may direct discovery requests aimed at identifying this unknown Defendant to Belford. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the Jane Doe Nurse is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 8) is referred to the United States Magistrate Judge for further consideration.

## Disposition

**COUNT 6** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Defendant **ACKERS** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **BELFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on Defendant **JANE DOE NURSE** until such time as Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 8), and a plan for discovery aimed at identifying the unknown defendant with particularity.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 22, 2018**

s/ STACI M. YANDLE
United States District Judge